**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|                                                      |   |                        |
|------------------------------------------------------|---|------------------------|
| IN RE:                                               | * |                        |
|                                                      | * | Case No. 10-34611-JS   |
| EMPIRE TOWERS CORPORATION                            |   | (Chapter 7)            |
|                                                      | * |                        |
| Debtor                                               | * |                        |
| _____                 | * |                        |
| JOSEPH J. BELLINGER, TRUSTEE                         | * |                        |
| Plaintiff                                            | * |                        |
| v.                                                   | * | Adversary No. 12-00704-JS |
| SANDY SPRING BANK                                    | * |                        |
| AS SUCCESSOR IN INTEREST                             |   |                        |
| TO COMMERCE FIRST BANK, *et al.*                     | * |                        |
| Defendants                                           | * |                        |

**MOTION BY CHAPTER 7 TRUSTEE FOR**
**APPROVAL OF COMPROMISE OF CLAIMS AGAINST**
**SANDY SPRING BANK AND EMPIRE CORPORATION**

The Plaintiff, Joseph J. Bellinger (the "Plaintiff or the "Trustee"), Chapter 7 Trustee for

the Bankruptcy Estate of Empire Towers Corporation (the "Debtor" or the "Empire Towers"), by

and through undersigned counsel, hereby files this Motion for Approval of Compromise of

Claims Against Defendants, Sandy Spring Bank (the "SSB" or the "Defendant SSB") and

Empire Corporation (the "Empire Corp." or the "Defendant Empire Corp.") pursuant to 11

U.S.C. § 105 and Federal Rules of Bankruptcy Procedure 9019 and 2002(a)(3), and in support

states as follows:

1

## I.
## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 101 *et seq.*, and Bankruptcy Rules 9019 and 2002.

2.      Venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) & (O).

## II.
## Parties and Factual Background

4.      Plaintiff is the duly appointed and acting Trustee for the bankruptcy estate of Empire Towers.

5.      Defendant Empire Corp. is an entity incorporated under the laws of the State of Maryland whose principal place of business is located at Azar Annex, Suite 117, Glen Burnie, Maryland 21061.

6.      Commerce First Bank provided loan(s) to Defendant Empire Corp.

7.      Commerce First Bank received payment for loan(s) from an account held in the name of Empire Corp.

8.      Plaintiff has been unable to identify any bank accounts in the name of Empire Towers and through discovery has determined that rents from the Empire Towers Property were deposited into the Empire Corp. bank account.

9.      Plaintiff brought this adversary proceeding to recover the payments that were made to Commerce First Bank as a fraudulent conveyance on the belief that Commerce First Bank was paid from funds generated by the rents from the Empire Towers Property for loans that were made to Empire Corp. and not made to the Debtor.

10.     SSB has agreed to pay the sum of Thirty Five Thousand and 00/100 Dollars ($35,000.00) as full and final settlement of all claims and causes of action that the Plaintiff and Debtor have or may have against SSB.

11.     Since the claims against SSB are related to the claims against Empire Corp., the settlement of the claims against SSB will settle the claims against Empire Corp. and provide a final resolution of the adversary proceeding herein.

### III.
### Legal Standard

13.     In approving a proposed settlement, the Bankruptcy Court must determine whether the settlement is in the best interests of the estate. While it is the obligation of a bankruptcy court to review independently a proposed compromise to determine whether it is fair, equitable, and in the best interests of the bankruptcy estate, settlements are to be encouraged. *See United States ex. rel. Rahman v. Oncology Associates, PC.,* 269 B.R. 139, 149 (Bankr. D. Md. 2001), *aff'd by,* 61 Fed.Appx. 860 (4th Cir. 2003). When recovering assets that may involve "protracted investigation or potentially costly litigation, with no guarantees as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle." *In re Mailman Steam Carpet Cleaning Corp.,* 212 F.3d 632, 635 (1st Cir.), *cert. denied,* 120 S. Ct. 2661 (2000).

14.     A bankruptcy court must examine whether the trustee's actions in settling fall within the universe of reasonable action, not whether pressing onward might produce more funds for the estate. *See In re Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995) ("The court may approve the settlement over objections, unless the proposed settlement falls below the lowest point of reasonableness") (*citing In re W.T. Grant Co.*, 699 F.2d 599, 608, 613 (2d Cir.), *cert.*

*denied*, 464 U.S. 822 (1983)); *In re Ashford Hotels, Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) (viewing settlement within the "lowest point in the range of reasonableness").

15.     In this case, the proposed settlement of the claims against SSB and Empire Corp., as set forth herein, falls within the reasonableness standards established for the Trustee's Proposed Compromise under Bankruptcy Rule 9019.

16.     Pursuant to Maryland Local Bankruptcy Rule 9013-2, the Trustee has not filed a separate Memorandum of Law in support of this Motion and relies solely upon this Motion.

WHEREFORE, the Trustee requests that this Court grant the following relief:

A.     Enter and Order Approving the Proposed Compromise for the payment of Thirty-Five Thousand and 00/100 Dollars ($35,000.00) by SSB to the Trustee as the full and final settlement of all claims and causes of action that the Plaintiff and Debtor have or may have against SSB; and

B.     Enter an Order authorizing Plaintiff to receive the sum of Thirty-Five Thousand and 00/100 Dollars ($35,000.00) from SSB as full and final satisfaction of all claims and causes of action that the Debtor and the Plaintiff have or may have against SSB; and

C.     Enter an Order authorizing Plaintiff to receive the sum of Thirty-Five Thousand and 00/100 Dollars ($35,000.00) from SSB as full and final satisfaction of all claims and causes of action that the Debtor and the Plaintiff have against Empire Corp., as set forth in this adversary proceeding, but not as to claims filed by Plaintiff against Empire Corp. in any other pending adversary proceeding.

D.     Granting such other and further relief as this Court deems fair and just.

**\*\*SIGNATURE OF COUNSEL LOCATED ON FOLLOWING PAGE\*\***

September 10, 2013                    Respectfully submitted,


                                     */s/ James M. Hoffman*
                                     James M. Hoffman, Esquire Bar No. 04914
                                     Gregory P. Johnson, Esquire Bar No. 097
                                     Offit Kurman, P.A.
                                     4800 Montgomery Lane, 9th Floor
                                     Bethesda, MD 20814
                                     (240) 507-1700 Phone
                                     (240) 507-1735 Fax
                                     jhoffman@offitkurman.com
                                     gjohnson@offitkurman.com

                                     *Attorneys for Chapter 7 Trustee*

4844-9162-3957, v. 1